Filed 6/17/14  P. v. Ojeda CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059041 |
| v. | (Super.Ct.No. RIF1105224) |
| ROBERT PHILLIP OJEDA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Bernard Schwartz, Judge. The appeal is dismissed with directions.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood, Meagan J. Beale and Michael Benke, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Robert Phillip Ojeda purports to appeal from a judgment by way of guilty plea which convicted him of three counts of violating Penal Code section 288, subdivision (b) (forcible lewd acts on a minor under the age of 14); and three counts of violating Penal Code section 288, subdivision (a) (nonforcible lewd acts on a minor under the age of 14). He was sentenced to the agreed term of 25 years in prison.[1]

As the People pointed out in the reply brief, defendant's plea included a waiver of his right to appeal. Defendant's basic position is that because the plea was constitutionally void, the waiver condition fails as well. We disagree, dismiss the appeal, and remand so that the trial court may address certain mandatory fines.[2]

STATEMENT OF FACTS

As set out in the preliminary hearing transcript, defendant was the victim's stepfather. The victim testified that beginning when she was about seven years old, defendant made sexual contact with her. At first he forced her to touch his penis with her hand; later, when she was nine years old, he began to touch her (inferrably, inappropriately).[3] Later, perhaps when she was 11 (see fn. 1.), he continued to touch her

___

[1] Defendant was charged with eight separate counts, including three counts under Penal Code section 288.7, subdivision (b) (oral copulation or sexual penetration on a child under the age of 10), each of which carried a penalty of 15 years to life.

[2] In addition to attacking the validity of his plea, defendant seeks to raise error under *People v. Marsden* (1970) 2 Cal.3d 118. Due to our dismissal of the appeal, we need not consider this at all.

[3] At this point the victim apparently became distraught, stating "I don't think I can handle this." After a brief examination about her eventual report of the molestation, the time frame picked up when the victim was 11.

2

when she came to stay at his home on Wednesdays while her mother was in class. Defendant orally copulated the victim when she was nine, 10 or 11 on three occasions.

Further evidence was introduced through the testimony of a female deputy who had interviewed the victim. She testified that the victim had also described an incident of oral copulation by the victim when she was seven years old, as well as a roughly contemporaneous, but separate touching of her genitals. This witness also testified that the victim told her that during the Wednesday visits defendant had orally copulated her one to three times, and that she often resisted by yelling and kicking him. These latter events occurred when the victim was nine or 10 years old.

During jury selection a disposition was reached and defendant entered a plea of guilty as reflected above. The felony plea form includes a waiver of the right to appeal initialed by defendant. The minute order states that "Court finds factual basis for the plea is based on WPA—Written Plea Agreement." However, as defendant correctly points out, the court actually made no such finding at the time of the plea. It *did* find that the plea was made with a knowing and intelligent waiver of defendant's rights and that he understood the nature of the charges and the consequences of his plea.

## DISCUSSION

Defendant's position here is that the trial court did not find a factual basis for the plea and the plea was therefore as a matter of law *not* "knowing and intelligent" in a constitutional sense so that it is completely void—including the waiver of appeal provision. He is wrong.

3

The trial court's duty to inquire into the factual basis for a plea of guilty is statutory in nature and *only* exists when the plea is conditional—that is, where the plea is part of an agreement which specifies the punishment or other exercise by the court of the powers available to it. (Pen. Code, § 1192.5; *People v. Hoffard* (1995) 10 Cal.4th 1170, 1181 (*Hoffard*).) That is, the court is free to ignore the factual basis for an "open" plea. Furthermore, the requirement is *not* constitutionally required. (*Id.* at p. 1183; *People v. Holmes* (2004) 32 Cal.4th. 432, 438.) Although the statute does help to ensure the constitutional requirements that the plea be voluntary and intelligent have been met, this purpose is also served by the assistance and advice of counsel and the full advisal of the defendant's rights and the consequences of the plea—all of which were satisfied here. (See *Hoffard*, *supra* at pp. 1182-1183.)

We need not determine the extent to which an appellate court, in considering the merits of an appeal, may consider the entire record in evaluating whether the failure to find a factual basis was harmless error. (But see *People v. Wilkerson* (1992) 6 Cal.App.4th 1571, 1576 [indicating that such a review of the entire record is proper].) For our purposes it is sufficient to say that the record, including the transcript of the preliminary hearing, makes it clear that no constitutional qualms over "voluntary and knowing" are necessary in this case. Thus, the plea was valid and defendant's waiver of his appellate rights must be enforced.

Finally, the People assert that the trial court failed to impose specified mandatory fines under Penal Code section 1465.8, Government Code section 70373, and

Government Code section 29550.1. The trial court also imposed restitution and parole revocation fees (Pen. Code, §§ 1202.4, 1202.4, subd. (b)(1)) in the amount of $240 each rather than $280, which was the minimum at the time of defendant's conviction. We will remand solely for this purpose.

DISPOSITION

The appeal is dismissed and the matter remanded to the superior court for the recalculation of fines and imposition of mandatory fees as indicated above.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:


McKINSTER
J.


KING
J.

5